```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS HERRERA,                                  :

                                Petitioner,          :          10 Civ. 7929 (JPO) (DF)

      -against-                                       :          **REPORT AND**
                                                                             **RECOMMENDATION**
UNITED STATES OF AMERICA,[1]                  :

                                Respondent.       :
------------------------------------------------------------X

**TO THE HONORABLE J. PAUL OETKEN, U.S.D.J.:**

On August 23, 1993, while under two lengthy sentences for several state drug convictions, *pro se* petitioner Carlos Herrera ("Petitioner") was convicted in federal court, upon a guilty plea, of violating certain federal drug laws. For that conviction, the federal court sentenced Petitioner, on October 29, 1993, to 292 months imprisonment, to run concurrently with his two state sentences. By way of a federal petition for a writ of habeas corpus under 28 U.S.C. § 2241, Petitioner now seeks an order compelling the Federal Bureau of Prisons (the "BOP") (1) to count the 15 months between the date of Petitioner's federal arrest and the date of his federal sentence toward Petitioner's total 292-month federal sentence, and (2) to calculate

---

[1] "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Petitioner, however, challenges not "his present physical custody," but rather the computation of his future release date. Additionally, although he is being held in a state facility, the relevant determination will be made by federal authorities. Under such circumstances it may be that the proper respondent in this proceeding is the Bureau of Prisons. *See Sawyer v. Federal Bureau of Prisons*, No. 3:09cv1747 (MRK), 2010 WL 2574112, at *1 n.1 (D. Conn. Apr. 20, 2010) (noting, in suit by inmate housed in state facility, but challenging computation of federal sentence, that Bureau of Prisons was proper respondent). While the United States of America is, in any event, certainly not the proper respondent, this Court does not recommend dismissal of the Petition based on this pleading defect, as it could easily be cured by amendment and as, for the reasons set forth below, Petitioner's claims fail on the merits.

and grant Petitioner Good Conduct Time ("GCT") credit from the date of his federal arrest, forward. (*See* Declaration and Memorandum of Law in Support of Defendant's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, dated Aug.12, 2010 (Dkt. 1) ("Petition" or "Pet.").)

For the reasons set forth below, I recommend that the Petition be dismissed in its entirety.

## BACKGROUND

A.   **Factual Background**

In 1984, Petitioner was convicted in the County Court of Suffolk County, New York (*see* Declaration of Alan Ray, dated Sept. 27, 2011 ("Ray Decl.") (Dkt. 13), Ex. C, at 4) of one count of criminal sale of a controlled substance in the first degree and one count of conspiracy in the second degree, based on Petitioner's involvement in transporting more than 50 pounds of cocaine from Colombia, his country of origin, to New York. *See People v. Herrera*, 864 N.Y.S.2d 108 (2d Dep't 2008). For those crimes, Petitioner was sentenced to 25 years to life in state prison. (*See* Ray Decl, Ex. C (subsequent federal Plea Agreement, dated Aug. 23, 1993 ("Plea Agreement")), at ¶ 11(a) (summarizing state conviction).) In 1988, Petitioner was convicted in state court, upon a guilty plea, of an additional drug charge stemming from criminal conduct in which he engaged while incarcerated. (*See id.* at ¶ 11(b).) For that crime, he was sentenced to an additional 10 years to life imprisonment, to be served consecutively to his previous sentence. (*See* Ray Decl., Ex. B, at 18.)[2]

On July 23, 1992, while Petitioner was serving his state sentence at the Green Haven Correctional Facility ("Green Haven"), a facility of the New York State Department of

---

[2] Petitioner recently applied to be re-sentenced under the New York State Drug Law Reform Acts of 2004 and 2005, but the state court rejected his application. *See Herrera*, 864 N.Y.S.2d at 108.

2

Corrections, federal authorities arrested Petitioner for federal drug crimes committed while he was incarcerated. (*See* Ray Decl., Ex. D, at 1; *Herrera*, 864 N.Y.S.2d at 108.) After his federal arrest, Petitioner was held by the United States Marshals Service "at various state and federal facilities" pursuant to a writ of *habeas corpus ad prosequendum*. (Letter to the Court from Michael J. Byars, Esq., dated Mar. 29, 2012 (Dkt. 19) ("3/29/12 Resp. Ltr.").) On August 23, 1993, Petitioner pleaded guilty, in the United States District Court for the Western District of New York, to charges of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). (*See* Plea Agreement, at 9.) On October 29, 1993, approximately 15 months after his federal arrest, the federal court sentenced Petitioner to 292 months imprisonment, to run concurrently with his state sentences. (*See* Ray Decl., Ex. A (Judgment in a Criminal Case, No: 92 CR 00159 015 C, dated Oct. 29, 1993); *see also id.*, Ex. B (Sentencing Transcript, dated Oct. 29, 1994[3] ("Sentencing Tr."), at 18:24-19:6).) The BOP subsequently designated Green Haven as the facility at which Petitioner should serve his federal sentence. (*See* Pet., Ex. B (Letter to U.S. Marshals Service from Carlos C. Ortiz , BOP Northeast Regional Director, dated May 4, 1994).)

Three months after the imposition of Petitioner's federal sentence, an immigration judge ordered Petitioner to be deported to Colombia (*see* Pet., Ex. F (Order of the Immigration Judge, File A 18-681-533, dated January 27, 1994 ("1/27/94 Order"))), a decision which Petitioner waived his right to appeal (*see id.*). The next year, the New York State Division of Parole granted Petitioner Conditional Parole Deportation Only ("CPDO") (*see id.*, Ex. E, at 1), a status

---

[3] It is uncontested that Petitioner was sentenced on October 29, 1993 (*see* Pet., at 1; Ray Decl., ¶ 1; *id.*, Ex. A). The sentencing transcript, a copy of which each party has separately submitted to this Court (*see* Sentencing Tr., at 1; Pet., Ex. A), nevertheless indicates, apparently mistakenly, a hearing date of October 29, 1994.

that would allow his release from prison into the custody of immigration authorities, for the purpose of deportation (*see* N.Y.Exec. L. § 259-i(2)(d)). Petitioner's CPDO was revoked, however, due to a federal detainer lodged against him for the remainder of his federal sentence. (Pet., Ex. E (Notice of Temporary Suspension of Parole Release, dated Mar. 15, 1996).) Once Petitioner finishes serving his federal sentence, he will once again be eligible for CPDO from the state authorities (*see id.*, Ex. E, at 1), and it is Petitioner's understanding that he will be deported to Colombia at the conclusion of his federal sentence. (*See* Pet., at 7 (citing 1/27/94 Order).)

The BOP has calculated Petitioner's federal sentence as commencing on October 29, 1993, the date of his federal sentencing, and has not included any prior-custody credit for the 15 months between Petitioner's federal arrest and sentencing. (*See* Ray Decl., Ex. F (Sentence Monitoring Computation Data for Carlos Herrera, dated July, 28, 2011 ("Sentence Comp.") (Dkt. 13-6).) Further, although the BOP has apparently awarded Petitioner GCT credit for his time in prison since his federal sentencing, it has declined to award him any GCT credit for the preceding 15 months. (*See id.*) According to the BOP's calculation, Petitioner may receive a maximum of 1,145 days of GCT, in which case his release date would be January 10, 2015. (*See* Sentence Comp., at 1; *see also* Letter to the Court from Michael J. Byars, Esq., dated Mar. 14, 2012 ("3/14/12 Resp. Ltr.") (Dkt 17), at 1.)

Petitioner declares, under penalty of perjury, that he "appealed [the BOP's calculation], in letter form, to the Federal Bureau of Prisons' Office of General Counsel," but received no response. (Pet., at 4.)

4

B.  **Procedural History**

Petitioner filed his Petiton on August 12, 2010,[4] pursuant to 28 U.S.C. § 2241.[5] The Petition was initially filed in the Western District of New York, where Petitioner was sentenced, but was transferred to this district, in which Petitioner is currently incarcerated, by Order dated September 24, 2010. (Dkt. 3.) Petitioner contends that the 15 months he spent in custody between his federal arrest and his federal sentencing should be counted toward his federal sentence, either because his federal sentence actually commenced on the earlier date or because he deserves credit for pre-sentence custody. (*See* Pet., at 4.) Petitioner also seeks GCT adjustments, pursuant to 18 U.S.C. § 3624(b), to be credited toward his federal sentence, "for each year [Petitioner has met the requirements for GCT] during these last 18 years of incarceration in relation to the instant federal conviction." (Pet., at 5-7.)

Respondent filed an opposition to the Petition on September 27, 2011. (*See generally* Return, dated Sept. 27, 2011 (Dkt. 11); Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus, dated Sept. 27, 2011 ("Resp. Mem.") (Dkt. 12); Ray Decl. (Dkt. 13).) Respondent argues that (1) according to 18 U.S.C. 3585(a), Petitioner's sentence began on October 29, 1993 (the date of sentencing) – not on the date of Petitioner's arrest (*see* Resp. Mem., at 4); (2) the 15-month period in question was already credited to Petitioner's state

---

[4] Although the Court's docket indicates that the Petition was filed on August 31, 2010, a *pro se* prisoner's papers are deemed filed when they are handed over to prison officials for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Thus, in the absence of evidence to the contrary, this Court will deem the Petition to have been filed on August 12, 2010, the date on which Petitioner signed it. *See Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 1999).

[5] As Petitioner is challenging the computation of his sentence, rather than its legality, the Petition was properly brought under 28 U.S.C. § 2241. *See Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006).

sentence, and, therefore, pursuant to 18 U.S.C. 3585(b), Petitioner is not entitled to have this time also counted against his federal sentence (*see id.* at 5-7); and (3) the disputed 15-month time period is not part of Petitioner's federal sentence, and, therefore, Petitioner cannot receive GCT for that time period under 18 U.S.C. 3624(b) (*see id.* at 9). Respondent's memorandum did not explicitly address the question of whether Petitioner is entitled to (or has received) GCT credit for time subsequent to his federal sentencing.[6]

In March, 2012, this Court ordered Respondent to clarify, in a supplemental submission, "the amount of GCT credit, if any, that has already been applied to Petitioner's federal sentence from the commencement of that sentence on October 29, 1993, to the present," and to address "the question of whether Petitioner is entitled to any such credit (beyond any he may have already received), pursuant to 18 U.S.C. § 3624(b)." (Order, dated Mar. 12, 2012 (Dkt. 16).) Respondent then clarified that Petitioner had been eligible for, and had been accruing, GCT credit since the commencement of his federal sentence on October 29, 1993, and Respondent attached an updated sentence computation showing the credit that Petitioner had accrued as of the date of Respondent's submission. (*See* 3/14/12 Resp. Ltr.) Additional letter submissions from Petitioner and Respondent followed (*see* Letter to the Court from Carlos Herrera, dated Mar. 20, 2012 (Dkt. 18) ("3/20/12 Pet. Ltr."); 3/29/12 Resp. Ltr.), although Petitioner never filed a formal Reply.

---

[6] Respondent's submission did raise one additional argument: although Petitioner does not suggest that, at the time of his sentencing, he was entitled to an "adjusted" sentence under U.S.S.G. § 5G1.3(b), Respondent preemptively contends that Petitioner was not eligible for such a sentence, as "Petitioner's federal and state crimes [were] distinct instances of criminal conduct" (*see id.* at 7-8); further, Respondent contends that, on a habeas petition under 28 U.S.C. § 2241, this Court could not, in any event, consider Petitioner's eligibility for such an adjustment (*see id.* at 7).

6

## DISCUSSION

I. **APPLICABLE LEGAL STANDARDS**

A federal sentence officially begins at the time the defendant is "received in custody . . . to commence service of sentence at[] the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "However, a defendant held at a federal detention facility is not 'in custody' for the purposes of § 3585(a) when he is produced through a writ of habeas corpus ad prosequendum." *United States v. Fermin*, 252 F.3d 102, 108 n.10 (2d Cir. 2001). This is because "[t]he 'sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him'" and retains that right until that sovereign's sentence is fully carried out. *Rosemond v. Menifee*, 137 F. Supp. 2d 270, 272-73 (S.D.N.Y. 2000) (quoting *In re Liberatore*, 574 F.2d 78, 89 (2d Cir. 1978)). In other words, in a case like this one, where a defendant is serving a state sentence but then "borrowed" by federal authorities for the purpose of federal indictment, trial, and/or sentencing, the state retains primary jurisdiction throughout the federal proceedings. Even if the federal court imposes a sentence, the defendant cannot be taken into custody by federal authorities to serve that sentence until the exhaustion of the state's jurisdiction over him.

Nevertheless, it is possible for such a defendant's federal sentence to commence immediately after his federal sentencing, even though the defendant will be returned to the state's physical custody at that time. This possibility derives from the fact that it is the BOP that determines which "detention facility" will be the place where the federal sentence is to be served, *see* 18 U.S.C. § 3621(b), and the BOP has the authority to "designate any available penal or correctional facility that meets the minimum standards . . . established by the Bureau, whether maintained by the Federal Government *or otherwise.*" *Id.* (emphasis added). The BOP thus has

the discretion to select the state prison where an inmate is being held as the place of his federal confinement, allowing the federal and state sentences to run concurrently.

"A federal sentence cannot commence under § 3585(a) before the date on which it was imposed." *Gomes v. Billingsly*, No. 11 Civ. 6654 (PAE), 2012 WL 546744, at *2 (S.D.N.Y. Feb. 21, 2012). After a defendant is sentenced, though, the BOP may determine when the defendant's sentence "is deemed to 'commence.'" *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (per curiam); *see also United States v. Luna-Reynoso*, 258 F.3d 111, 117 (2d Cir. 2001) ("The authority 'to determine when a sentence is deemed to commence' under § 3585(a) resides in the Bureau of Prisons, rather than in the sentencing court." (quoting *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998); citing *Werber v. United States*, 149 F.3d 172, 179 (2d Cir. 1998); *Pineyro*, 112 F.3d at 45)).

Further, although a sentence cannot "commence" before the date it is issued, a prisoner may receive "credit," that is, time subtracted from the end of his sentence, for pre-sentence custody, pursuant to 28 U.S.C. § 3585(b). That statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences,
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

8

28 U.S.C. § 3585(b) (emphasis added). By the plain terms of the statute, "if a defendant's presentence custody *has* been credited to another sentence, no § 3585(b) credit is available." *Lopez v. Terrell*, 654 F.3d 176, 178 (2d Cir. 2011) (emphasis in original).

GCT is an additional form of "credit" that may allow a prisoner to be released before he has served the full term of his sentence, as pronounced by the court. Under 28 U.S.C. 3624(b)(1), "a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days [per year] . . . subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations."[7] Section 3524 is read "in tandem with § 3585," so that a prisoner "is eligible for GCT only as to the 'term of imprisonment' which constitutes [his] federal sentence as defined by § 3585." *Lopez*, 654 F.3d at 184-85. "When the BOP calculates GCT, therefore, it will count only the period of incarceration following the date of sentencing in district court because that term of

---

[7] Under the BOP's formula, prisoners are eligible for

(1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or

(2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

28 C.F.R. § 523.20(a).

9

imprisonment constitutes the defendant's federal sentence." *Id.* at 185 (citing *Labeille-Soto*, 163 F.3d at 98)).

## II. PETITIONER'S CLAIMS

### A. Exhaustion

A prisoner seeking relief under Section 2241 ordinarily must exhaust the BOP's internal administrative remedies. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) ("We have held that federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief."). The BOP's multi-level Administrative Remedy Program for exhausting administrative claims does not apply to Petitioner, however, because he is confined in a state facility. *See* 28 C.F.R. 452.10(b) ("This Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement. This Program does not apply to inmates confined in other non-federal facilities."). Furthermore, Petitioner avers that he did attempt to raise his claims with the BOP before filing this suit, and received no response. (Pet., at 4.) Although it is likely that, under these circumstances, Petitioner's administrative remedies (if any) should be deemed ehausted, the Court need not reach that issue, as the claims fail on their merits in any event, for the reasons discussed below.

### B. Commencement of Petitioner's Sentence and Prior-Custody Credit

Petitioner argues that his "292 months sentence should begin on the date of the arrest (July 23, 1992), instead of the date of the sentence." (Pet., at 4.) Citing no case law, Petitioner argues that "[b]y way of logic" he "became a federal prisoner for [the instant] offense" on the date of his federal arrest, and, therefore, "[t]here can not be any other reasonable or legal way to

10

construe or assess the time period" from the date of his arrest to the date of sentencing, other than as part of his federal sentence of 292 months. (*Id.*)

While Petitioner may have been housed in a federal facility for some or all of the time between his federal arrest and sentencing, he was legally under the primary jurisdiction of the "sovereignty which first arrest[e]d" him, namely, the state of New York. *Rosemond*, 137 F. Supp. 2d at 272-73. As Petitioner was "produced [to federal authorities] through a writ of habeas corpus ad prosequendum," he was not "'in custody' for the purposes of § 3585(a)," which governs the commencement of a federal sentence, even though he was "held at a federal detention facility." *Fermin*, 252 F. 3d at 108 n.10. Further, even if Petitioner had been in primary federal custody before his sentencing, the BOP correctly determined that his sentence did not commence until the date of sentencing because "[a] federal sentence cannot commence under § 3585(a) before the date on which it was imposed." *Gomes*, 2012 WL 546744, at *2.

Instead, the statutory scheme accounts for pre-sentence detention time not by deeming a sentence to commence, under Section 3585(a), from the date of arrest, but by awarding, *after* sentencing, prior-custody credit, under Section 3585(b), for time spent in pre-sentence detention. Petitioner is presumably seeking such credit when he asserts that "[t]he time calculation for every federal and state prisoner begins [with] the date of his/her arrest." (Pet., at 4.)

Section 3585(b) is clear, however, that prior-custody credit is only available for detention "that has not been credited against another sentence." 18 U.S.C. § 3585(b). In this case, Petitioner remained in primary state custody during the months leading up to his federal sentencing, and he was still serving his state sentence at that time. (*See* Plea Agreement, at ¶ 11 (noting that Petitioner was subject to two ongoing state sentences at the time of federal sentencing); *see also* Ray Decl. ¶ 8 (stating that pre-sentence time was "credited to [Petitioner]'s

11

prior state sentences").) Indeed, Petitioner does not contest that the pre-sentence time was credited toward his state sentence. As the pre-sentence custody was credited toward service of Petitioner's state sentence, Section 3585(b) forecloses double-counting that time by crediting it to Petitioner's federal sentence as well.

Accordingly, the BOP was correct both to calculate Petitioner's sentence from the starting point of October 29, 1993, and to decline to award Petitioner prior-custody credit.

### C.     Good Conduct Time

It is undisputed that Petitioner is eligible for GCT for the time period from October 23, 1993 (the date of his federal sentencing) to date. (*See* 3/14/12 Resp. Ltr., at 1.) In fact, the BOP represents that it has already credited GCT to Petitioner's federal sentence for this time period, and that, if Petitioner continues to comply with prison rules and regulations, it will continue to credit such time to his federal sentence. (*Id.* at 1 n.1.) Thus, the only remaining dispute is whether Petitioner is also entitled to receive GCT credit for the same 15-month period between his federal arrest and sentencing discussed above. Petitioner argues that the relevant statute, 18 U.S.C. § 3624(b), "does not exclude time served before the sentencing date or in state custody from eligibility" for GCT, and that the BOP's own regulations, 28 C.F.R. § 523.17(l), support awarding GCT for pre-sentence time. (Pet., at 5-7.)

Since the date of the Petition, however, these arguments have been definitively rejected by the Second Circuit in *Lopez*.[8] 654 F.3d at 184-86, 190 (rejecting contention that petitioner should be eligible for GCT for 94 months of pre-sentence incarceration under 8 U.S.C.

---

[8] Petitioner, in fact, cites the district court opinion in the *Lopez* case. (*See* Pet., at 5 (citing *Lopez v. Terrell*, 697 F. Supp. 2d 549 (S.D.N.Y. 2010)).) While that opinion was favorable to Petitioner, it has since been reversed. *Lopez*, 654 F.3d 176.

§§ 3585(b), 3624(b) and 28 C.F.R. § 523.17(l)). Applying *Skidmore* deference,[9] the *Lopez* Court adopted the BOP's interpretation of Section 3624(b), under which the BOP awards GCT for time after federal sentencing, as well as for any pre-sentence time credited toward the sentence under Section 3585(b). *Lopez*, 645 F.3d at 184. "When the BOP calculates GCT" in a case where no prior-custody credit was available, therefore, "it will count only the period of incarceration following the date of sentencing in district court because that term of imprisonment constitutes the defendant's federal sentence." *Id.* at 185 (citing *Labeille-Soto*, 163 F.3d at 98).

Here, Petitioner's federal sentence commenced on October 29, 1993, and any time served prior to that date, which was credited toward Petitioner's state sentence, is not part of his "term of imprisonment" for purposes of 18 U.S.C. § 3624(b). Accordingly, Petitioner is not eligible to receive GCT for that time period. 654 F.3d at 185.[10]

---

[9] Under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944) and its progeny, "an agency's interpretation of an ambiguous statute is entitled to a degree of deference" that "var[ies] with circumstances," including with "the degree of the agency's care, its consistency, formality, and relative expertness, and to the persuasiveness of the agency's position." *Exxon Mobil Corp. & Affiliated Cos. v. C.I.R.*, 689 F.3d 191, 200 n.13 (2d Cir. 2012).

[10] The Court need not address Respondent's additional argument that Petitioner was also not entitled to an "adjustment" of the length of his sentence under Section 5G1.3(b) of the Sentencing Guidelines. (*See* Resp. Mem., at 7-8.) As a threshold matter, Petitioner has not raised such an argument in this proceeding. Moreover, it is the sentencing court, not the BOP, that has the authority to adjust a sentence under Section 5G1.3(b), and a petition under 28 U.S.C. § 2241 is not a proper vehicle to challenge the legality of the sentence imposed by the court. *See Carmona*, 243 F.3d at 632 (2d Cir. 2001) (noting that action under § 2241 challenges BOP's implementation of sentence, while action under 8 U.S.C. § 2255 challenges legality of sentence itself). In any event, at the time of Petitioner's sentencing, the version of Section 5G1.3(b) that was in place did not even provide for sentence "adjustments," but only for sentences to be imposed concurrently, rather than consecutively, under certain circumstances. *See Werber v. U.S.*, 149 F.3d 172, 174 n.1 (2d Cir. 1998) (quoting version of § 5G1.3(b) applicable in October, 1993). In this instance, Petitioner's federal sentence was already imposed to run concurrently with his state sentences, so no further relief under Section 5G1.3(b) could have been available to him.

13

## **CONCLUSION**

For the foregoing reasons, I recommend that the Petition be dismissed with prejudice. "[N]o certificate of appealability is necessary" for an appeal from the denial of a petition for habeas relief brought under 28 U.S.C. § 2241. *Jennings v. Schult*, 377 F. App'x 97 (2d Cir. 2010) (Summary Order).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (adding three days for service by mail). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable J. Paul Oetken, U.S.D.J., United States Courthouse, 40 Foley Square, Room 2101, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Oetken. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

If Petitioner does not have access to cases cited herein that are reported only on Westlaw and/or LEXIS, he may request copies from Respondents' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the *pro se* litigant with copies of [cases and other authorities cited

therein that are unpublished or reported exclusively on computerized databases] as are cited in a decision of the Court and were not previously cited by any party.").

Dated: New York, New York
May 9, 2013

Respectfully submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. J. Paul Oetken, U.S.D.J.

Mr. Carlos Herrera
84-A-5322
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582-0010

Respondent's counsel (via ECF)