UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CARLOS HERRERA,

                Petitioner,

       -against-

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------------------ X

10 Civ. 7929 (JPO)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 7 2013

J. PAUL OETKEN, District Judge:

    Petitioner Carlos Herrera, proceeding *pro se*, has filed a petition for a writ of habeas corpus. Pursuant to 28 U.S.C. § 2241, he seeks an order that would impose two requirements on the Bureau of Prisons: (1) to count the 15 months between the date of his federal arrest and the date of his federal sentence toward his total 292-month federal sentence and (2) to calculate and grant him Good Conduct Time credit from the date of his federal arrest, forward. On May 9, 2013, Magistrate Judge Freeman issued a careful and thorough report and recommendation ("R&R") in which she concluded that the petition for a writ of habeas corpus must be denied. In the R&R, she notified Petitioner of his right to object and set a deadline of May 28, 2013.

    A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections, though under Federal Rule of Civil Procedure 72(b)(2) these objections must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." *See also* 28 U.S.C. § 636(b)(1)(C). If a party submits an objection in a timely manner, the district court subjects the parts of the report and recommendation to which the party has objected to *de novo* review. 28 U.S.C. § 636(b) (1)(C). However, if a party does not lodge any objection, then the district court

COPIES MAILED TO
PRO SE PARTY ON JUN 2 7 2013

may adopt those portions of the recommended ruling that do not suffer from clear error. *See, e.g., Brown v. LaValley*, No. 10 Civ. 1756, 2013 WL 2154161, at *1 (E.D.N.Y. May 17, 2013). Thus, in many cases, "[w]here parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *accord Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."). Accordingly, the R&R is reviewed only for clear error.

Applying this standard, and after thorough review of the R&R, the Court concludes that Magistrate Judge Freeman did not commit clear error. The R&R is well-reasoned and supported by the factual record. The Court therefore adopts the R&R as its Order and Opinion.

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED and the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
June 25, 2013

_____
J. PAUL OETKEN
United States District Judge